UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | NO. **2:26−CV−00107−DC−SCR** |
| Plaintiff, | <u>STANDING ORDER IN CIVIL CASES</u> |
| v. | |
| **STATE OF CALIFORNIA, ET AL.,** | |
| Defendant. | |

## I.     Law and Motion

### A.     Calendaring of Motions

The civil law and motion calendar is held at 1:30 p.m., on the first and third Friday of the month. Motions shall be noticed for hearing pursuant to Local Rule 230. Hearing dates for Judge Coggins are not reserved. Available dates are listed on Judge Coggins's webpage on the court's website.

Counsel are required to personally appear at all motion hearings, unless otherwise notified by the court. The parties may indicate in their papers if they wish to submit any motion for decision without oral argument. The court may elect to submit any motion for decision without oral argument, taking the matter under submission pursuant to Local Rule 230(g), and will so advise the parties via minute order in advance of the noticed hearing date. It is counsel's

responsibility to check the final calendar and appear at the confirmed time. The parties are required to comply with Local Rule 230 and all other applicable rules and notice requirements with respect to motions.

### B. Briefing

All briefs must be submitted using no less than 12 pt font size, including footnotes. Footnotes should be used sparingly.

All moving and opposition briefs or legal memoranda in civil cases shall not exceed twenty-five (25) pages without prior leave of court. Reply briefs filed by moving parties shall not exceed fifteen (15) pages. The page limit does not include the table of contents or table of authorities. A party may request a page limit increase by filing a written request setting forth any and all reasons for the request at least seven (7) days prior to the filing of the brief. The court will grant a request to extend the page limits only upon a showing of good cause. The court will not consider any pages in the brief that exceed the page limits without prior leave of court permitting an increased page limit.

The court will not consider supplemental briefs or sur-replies absent prior leave of court.

Multi-page exhibits shall be internally paginated beginning with the number one; references to those exhibits shall refer to the exhibit designation and page number (i.e., Ex. 1 at 11.).

### C. Meet and Confer Requirements

Prior to filing a motion in a case in which the parties are represented by counsel, counsel shall meet and confer to meaningfully discuss the substance of the contemplated motion and potential resolution. Counsel should resolve minor procedural or other non-substantive matters prior to filing the motion. The briefing on motions should be directed to substantive issues requiring resolution by the court. **A notice of motion shall contain a certification by counsel filing the motion that meet and confer efforts have been exhausted, with a brief summary of the parties' meet and confer efforts.**

### D. Tentative Rulings

Judge Coggins does not issue tentative rulings.

/////

### E. Motions for Administrative Relief

A party filing a motion relating to administrative matters that require a court order, such as requests to exceed applicable page limitations, requests to shorten time on a motion, requests to extend a response deadline, requests to alter a briefing schedule, or requests to alter a discovery schedule that does not affect dispositive motion filing dates, trial dates, or the final pretrial conference, shall comply with Local Rule 233. In light of the procedure provided by Local Rule 233 for administrative relief motions, the filing of ex parte applications—except as specifically provided by Local Rule 144(c) regarding initial extensions of time—is rarely appropriate and therefore discouraged. If a party believes that an administrative relief motion should be addressed by the court sooner than the time provided by Local Rule 233, the party may concurrently file an ex parte application indicating whether the requested administrative relief will be opposed and attaching an affidavit explaining: (1) the need for the issuance of such an order, (2) the inability of the filer to obtain a stipulation for the issuance of such an order from other counsel or parties in the action, and (3) why such request cannot be addressed by the court within the time provided by Local Rule 233.

### F. Proposed Orders

Proposed orders are not necessary for most substantive motions, such as motions for summary judgment or motions to dismiss. The parties should submit proposed orders only in connection with administrative motions, ex parte applications, and rulings that call upon the court to make factual findings (such as a motion to approve a class settlement or a motion for attorneys' fees). Parties are required to submit proposed orders with motions for temporary restraining order and motions for a preliminary injunction. The parties shall provide proposed consent decrees where applicable, and proposed findings of fact and conclusions following a bench trial. Parties are to comply with Local Rule 137(b) and provide the proposed order to the court in Microsoft Word format to: DCorders@caed.uscourts.gov.

### G. Temporary Restraining Orders

Parties seeking emergency or provisional relief shall comply with Federal Rule of Civil Procedure 65 and Local Rule 231. The court typically will not rule on any application for such

relief for at least twenty-four (24) hours after the party subject to the requested order has been served; such party may file opposing or responding papers in the interim. The parties shall lodge a courtesy copy with chambers of all papers relating to proposed temporary restraining orders and injunctions, conformed to reflect that the documents have been filed.

**II.     Amended Pleadings**

If a party files an amended pleading, they shall concurrently file a redlined or highlighted version comparing the amended pleading to the prior operative pleading.

**III.    Sealing, Redacting, and Protective Orders**

No document will be sealed, nor shall a redacted document be filed, without the prior approval of the court. If a document for which sealing or redaction is sought relates to the record on a motion to be decided by Judge Coggins, the request to seal or redact should be directed to Judge Coggins and not the assigned Magistrate Judge. All requests to seal or redact shall be governed by Local Rules 140 (redaction) and 141 (sealing).

Protective orders covering the discovery phase shall not govern the filing of sealed or redacted documents on the public docket. The court will only consider requests to seal or redact documents filed by the proponent of sealing or redaction. If a party plans to make a filing that includes material an opposing party has identified as confidential and potentially subject to sealing or redaction, the filing party shall provide the opposing party with sufficient notice in advance of filing to allow for the opposing party to seek an order of sealing or redaction from the court.

**IV.    Requests/Stipulations to Extend Time to File or Continue Pretrial/Trial Dates**

The scheduling order contains detailed information regarding requests and stipulations to extend time to file or continue pretrial and/or trial dates.

**V.     Experts**

All counsel must designate in writing and serve upon all other parties the name, address, and area of expertise of each expert they propose to tender at trial, according to the schedule set forth in the Scheduling Order. A written report prepared and signed by the witness shall accompany the designation. The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B). Any party who previously disclosed expert witnesses may submit a rebuttal list of

expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party, if the party rebutting an expert witness designation has not previously retained an expert to testify on that subject. A written report shall accompany the rebuttal designation, which shall also comply with the conditions stated above.

If a party does not comply with the disclosure schedule as set forth in the Scheduling Order, then that party will likely be precluded from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity for the witness could not have been reasonably anticipated at the time the list was proffered; (b) that the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.

All expert reports shall number each paragraph to facilitate any motion practice challenging the specifics of any opinions and shall include a table of contents. At the beginning of the report, the expert shall list and number each opinion to be proffered in the report.

For purposes of discovery an "expert" is any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703 and 705, which includes both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation). A party shall identify whether a disclosed expert is percipient, retained, or both. The court presumes a party designating a retained expert has acquired the express permission of the witness to be so listed. Parties designating percipient experts must state in the designation who is responsible for arranging the deposition of such persons.

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give the bases for their opinion, so that they will be able to give full and complete testimony at any deposition taken by the opposing party. Experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, after their deposition was taken.

**VI.    Summary Judgment**

In the event of cross-motions for summary judgment, the parties must file a total of four briefs sequentially, rather than three pairs of simultaneous briefs. Unless the parties agree to reverse the order (which they are free to do on their own), the opening brief is filed by the plaintiff side, the opening/opposition brief is filed by the defense side, the opposition/reply is filed by the plaintiff side, and the reply is filed by the defense side. The first two briefs are limited to twenty-five (25) pages, the third brief is limited to twenty (20) pages, and the fourth brief is limited to fifteen (15) pages. The parties may submit a stipulation and proposed order setting a briefing schedule for the cross-motions in advance of the first brief, which will likely be signed so long as the fourth brief is due no later than 14 days before the hearing date.

**VII.    Trials**

    **A.    General Trial Information**

Presumptive trial hours, subject to adjustment based on the court's calendar are Mondays through Thursdays from 9:00 a.m. to 2:00 p.m., with a brief morning and afternoon recess. If the Monday falls on a federal holiday, trial will begin on the subsequent Tuesday. Conference rooms are available on either side of the courtroom for use during trial.

    **B.    Pretrial Statements and Final Pretrial Conference**

In those cases in which Judge Coggins is conducting the final pretrial conference, the parties are required to submit a joint pretrial statement pursuant to Local Rule 281. The parties' joint pretrial statement must be filed at least twenty-one (21) days before the final pretrial conference. The joint pretrial statement and witness and exhibit lists must also be emailed as a Microsoft Word document to: DCorders@caed.uscourts.gov. Separate pretrial statements are not permitted unless a party is not represented by counsel.

The joint pretrial statement must address all issues detailed in Local Rule 281 with the following clarifications:

    (1)    the parties must include a neutral joint statement of case;

    (2)    all duplicative or overlapping exhibits between parties must be listed as joint exhibits on a separate joint exhibit list, identified as JX-1, JX-2, etc.;

(3) plaintiff's exhibits shall be listed numerically, and defendant's exhibits shall be listed alphabetically;

(4) all exhibits must be identified with a reasonable amount of detail (e.g., date, Bates-stamp number, description, estimated page length).

(5) all remaining issues (e.g., claims, affirmative defenses, forms of relief) asserted in the action must be stated under the points of law section or identified as an abandoned issue;

(6) motions in limine should be limited to those which the parties reasonably anticipate filing; and

(7) the anticipated length of trial and any scheduling issues that could impact the trial.

The parties shall not file motions in limine prior to the pretrial conference. Following the pretrial conference, the court will issue a pretrial order that will set dates for the filing of motions in limine, the submission of exhibits, and other trial-related deadlines.

Counsel are required to personally appear at the final pretrial conference. Counsel are also reminded that pursuant to Federal Rule of Civil Procedure 16(e), at least one attorney who will conduct the trial for each party must appear at the final pretrial conference.

## VIII.  Transcripts

Transcript orders should be emailed directly to the assigned court reporter. Contact information for individual court reporters can be found on the U.S. District Court, Eastern District of California's website (www.caed.uscourts.gov).

## NOTICE OF THIS ORDER

Counsel for plaintiff shall immediately serve this order on all parties, including any new parties added to the action in the future, unless this case came to the court by noticed removal, in which case defendant shall serve this order on all other parties. These standing orders are subject to change; therefore, parties are encouraged to check Judge Coggins's webpage on the Eastern District of California website for her current standing orders.

DATED: January 14, 2026

Dena Coggins
United States District Judge