ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRIAGMYLE
Deputy Assistant Attorney General

DUSTIN J. WEISMAN (CO Bar #44818)
JOHN K. HEISE (CA Bar #331615)
Trial Attorneys
Natural Resources Section
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
Telephone: (303) 844-1369
Facsimile: (303) 844-1350
Email: dustin.weisman@usdoj.gov
Email: john.heise@usdoj.gov

*Attorneys for the United States*

ERIC GRANT
United States Attorney
Eastern District of California

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 2:26-cv-00107-DC-SCR |
| Plaintiff, | **Joint Status Report** |
| v. | |
| STATE OF CALIFORNIA, et al., | |
| Defendants. | |

Pursuant to this Court's Order (Dkt. Nos. 3, 28), Rule 26(f) of the Federal Rules of Civil Procedure ("Rules"), Local Civil Rule ("Local Rule") 240, Plaintiff the United States of America (the "United States" or "Plaintiff") and Defendants the State of California, Governor Gavin Newsom, California Geologic Energy Management Division, and Oil and Gas Supervisor Doug Ito ("California" or "Defendants"), by and through their undersigned counsel, met and conferred by email and teleconference to address the matters required by the Rules and Local Rules, and

other topics relevant to establishing a proposed schedule. Plaintiff believes that discovery is not necessary in this case. Defendants believe that discovery is not needed at this time, but may become necessary if Plaintiff raises factual issues in its summary judgment motion. The Parties therefore submit this Joint Status Report and each party's proposed summary judgment briefing schedule.

## A.    STATEMENT OF CLAIMS

The United States' Claims:

California Senate Bill 1137 ("SB 1137") unlawfully prevents and poses an obstacle to the accomplishment and execution of Congress's objectives concerning the management and development of federal mineral resources on federal lands. SB 1137 prohibits or severely restricts fossil fuel development activities within 3,200 feet of state-designated "sensitive receptors" by barring new drilling operations, production facilities, and related infrastructure within designated "health protection zones," and phasing out existing operations. These restrictions apply to federal lands and federally issued oil and gas leases administered by the United States Department of the Interior, Bureau of Land Management ("BLM"), including hundreds of existing federal leases in California, many of which fall entirely within the state-designated health protection zones.

The United States contends that SB 1137 conflicts with and is preempted by federal law, including the Mineral Leasing Act ("MLA") and the Federal Land Policy and Management Act ("FLPMA"), which establish a federal framework governing the leasing, management, and development of mineral resources on federal lands. Congress, through the MLA and FLPMA, expressed a national policy favoring the orderly and economic development of domestic mineral resources and vested the federal government with primary authority to regulate operations conducted under federal mineral leases. SB 1137 goes beyond permissible environmental regulation and instead operates as a categorical prohibition that nullifies or severely impairs federally authorized leasehold rights, renders certain federal leases practically inoperative, and substantially interferes with federal objectives encouraging the responsible development of fossil fuel resources on public lands.  SB 1137 also makes compliance with both state and federal law impossible for operators, who have a duty to develop leases diligently and can only extend a lease term

if they have begun producing oil and gas in paying quantities; SB 1137, meanwhile, forbids all oil and gas production within a state-designated health protection zone.

SB 1137 also intrudes upon the United States' constitutional authority under the Property Clause to manage federal lands and mineral estates and unlawfully burdens the federal government's operations and relationships with its lessees. The United States contends that SB 1137 therefore violates the Supremacy Clause and the doctrine of intergovernmental immunity because it attempts to regulate and impede federally authorized activities on federal lands. The United States seeks declaratory and injunctive relief declaring SB 1137 and related regulations invalid and enjoining Defendants from enforcing those provisions against the United States, its agencies, officers, and lessees.

California's Position:

SB 1137 is a public health and environmental regulation, on par with dozens of other state environmental laws that apply to oil and gas operations on federal lands.  California enacted SB 1137 to protect communities near oil and gas wells from the significant health problems created by exposure to toxic emissions and other health hazards from those operations.  With certain exceptions, the statute prohibits new drilling or reworking of oil and gas wells within a 3,200-foot radius around "sensitive receptors," such as housing, schools, retail stores, and hospitals, called "health protection zones."  It also requires existing oil and gas operations in those areas to comply with specific health, safety, and environmental requirements.

SB 1137 does not ban oil and gas operations on federal lands nor does it mandate any particular use of land.  Moreover, it does not limit using wells outside of health protection zones to reach oil and gas resources within health protection zones.

In sum, SB 1137 was enacted to protect public health and is fundamentally an environmental regulation.  As such, it does not conflict with federal law nor does it obstruct federal policy for leasing mineral-development rights.

**B.   PROCEDURAL STATUS AND SERVICE OF PROCESS**

The United States has properly served all defendants. On January 16, 2026, the United State moved for a preliminary injunction.  The Court heard oral argument on March 20, 2026, and denied the motion on March 31, 2026.

**C.   POSSIBLE JOINDER OF ADDITIONAL PARTIES**

The Parties do not anticipate joinder of additional parties.  A motion to intervene by several environmental organizations is pending before the Court.

**D.   POSSIBLE AMENDMENT TO PLEADINGS**

The United States does not anticipate amendments to its Complaint (Dkt. No. 1).  Likewise, California does not anticipate amendments to its Answer (Dkt. No. 26).

**E.   JURISDICTION AND VENUE**

The Parties agree that the Court has jurisdiction under 8 U.S.C. §§1331 and 1345, has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(1), and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

**F.   DISCOVERY PLAN**

Plaintiff does not believe there are genuine issues of material fact in dispute because this case presents legal questions. Although Plaintiff's claims generally involve legal questions, Defendants believe that discovery may become necessary if Plaintiff raises material factual issues in its summary judgment motion. Therefore, the Parties agree that a discovery plan is not necessary at this time and propose that the Court find, pursuant to Fed. R. Civ. P. 26(a)(1)(A), that this action is exempt from initial disclosures, and dispense with the requirement for a discovery plan. If the Court is unable to resolve the case following cross motions for summary judgments or if either party later believes that discovery is necessary, the Parties can propose procedures for discovery at that time.

**G.   CONTEMPLATED DISPOSITIVE OR OTHER MOTIONS AND DATES**

The Parties intend to file cross motions for summary judgment.  Defendants believe that more time is required between briefs to evaluate whether discovery will be needed.  Each party's proposed briefing schedule is listed below:

|  | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| Plaintiff's Motion for Summary Judgment | July 2, 2026 | July 2, 2026 |
| Defendants' Cross-Motion for Summary Judgment and Response to Plaintiff's Motion for Summary Judgment | August 7, 2026 | September 4, 2026 |
| Plaintiff's Reply in Support of its Motion for Summary Judgment and Response to Defendants' Cross-Motion for Summary Judgment | September 11, 2026 | October 16, 2026 |
| Defendants' Reply in Support of its Cross-Motion for Summary Judgment | October 2, 2026 | November 13, 2026 |

Additionally, the Parties request a modification to the default page limits. The first two briefs (i.e., Plaintiffs' Cross-Motion and Defendants' Cross-Motion) shall be limited to twenty-five (25) pages, the third brief (i.e., Plaintiffs' Reply and Response) shall be limited to twenty (20) pages, and the fourth brief (i.e., Plaintiffs' Reply) shall be limited to fifteen (15) pages.

### H.    METHODS TO AVOID CUMULATIVE PROOF; LIMITS ON FRE 702

The parties will endeavor to avoid cumulative proof by not duplicating summary judgment exhibits. The parties do not anticipate expert testimony at summary judgment and do not suggest any limitations to Federal Rule of Evidence 702.

### I.    PROPOSED DATE FOR PRETRIAL CONFERENCE

As discussed above, the Parties believe this case will be resolved through cross-motions for summary judgment and thus do not anticipate the need for trial. Therefore, the Parties do not propose scheduling a pretrial conference.

**J.      PROPOSED DATE FOR TRIAL; ESTIMATED DAYS; JURY DEMANDS**

As discussed above, the Parties believe this case will be resolved through cross-motions for summary judgment and thus do not anticipate the need for trial.  Therefore, the Parties do not propose scheduling a trial.  Further, the Parties agree that this case is not eligible for trial by jury.

**K.      REFERENCE TO MAGISTRATE OR SPECIAL MASTER**

The United States and California do not consent to the case being transferred to a magistrate judge.

**L.      PROPOSED MODIFICATION TO STANDARD PRETRIAL PROCEDURES**

As discussed above, the Parties believe this case will be resolved through cross-motions for summary judgment and thus do not anticipate the need for trial.  Therefore, the parties do not have any proposed modifications to the standard pretrial procedures.

**M.      RELATED CASES**

The Parties are not aware of any related cases pending in this District.

**N.      STATEMENT OF PROGRESS TOWARD SETTLEMENT**

The United States and California discussed settlement prior to the filing of the Complaint; however, they did not reach an agreement. The Parties have not engaged in any settlement discussions since that time and do not believe further settlement discussions would be productive until at least after the Court rules on the forthcoming cross motions for summary judgment.

**O.      OTHER MATTERS**

The parties agree that the Court may enter a scheduling order based on the information submitted above and that the parties need not appear in-person unless the Court so desires.

DATED: June 18, 2026                Respectfully submitted,


                                    ADAM R.F. GUSTAFSON
                                    Principal Deputy Assistant Attorney General

                                    BRADLEY CRAIGMYLE
                                    Deputy Assistant Attorney General

                                    */s/ John K. Heise*
                                    DUSTIN J. WEISMAN (CO Bar #44818)
                                    JOHN K. HEISE (CA Bar #331615)
                                    Trial Attorneys
                                    Natural Resources Section
                                    Environment and Natural Resources Division
                                    U.S. Department of Justice
                                    950 Pennsylvania Avenue NW
                                    Washington, DC 20530
                                    Telephone: (303) 844-1369
                                    Email: dustin.weisman@usdoj.gov
                                    Email: john.heise@usdoj.gov

                                    ERIC GRANT
                                    United States Attorney
                                    Eastern District of California

                                    *Attorneys for the United States*


                                    Rob Bonta
                                    Attorney General of California
                                    Anthony R. Hakl
                                    Supervising Deputy Attorney General

                                    */s/ Jerry T. Yen* (as authorized on June 17, 2026)
                                    Jerry T. Yen
                                    Deputy Attorney General

                                    *Attorneys for Defendants State of California, Governor Gavin Newsom, California Department of Conservation, Geologic Energy Management Division, and Doug Ito*

JOINT STATUS REPORT,
  CASE NO. 2:26-CV-00107-DC-SCR                                              7